IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CR-138-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAHEIN SAEKWAN LITTLE, | ) | |
| | ) | |
| Defendant. | ) | |

On March 9, 2026, Rahein Saekwan Little ("Little" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 298]. On June 12, 2026, the United States responded in opposition [D.E. 301]. In light of the record, Rutherford v. United States, 146 S. Ct. 1320 (2026), and Fernandez v. United States, 146 S. Ct. 1292 (2026), the court denies Little's motion for compassionate release.

I.

In 2019, the Fayetteville Police Department began surveilling suspected trap houses. See [D.E. 217] ¶¶ 21–33. On November 12, 2020, investigators searched the houses and recovered a large amount of marijuana, currency, and weapons. See id. ¶¶ 29–33. Little was part of the drug trafficking organization using the trap houses. See id. ¶¶ 21–38. Little also possessed 2,600 pounds of marijuana, a 7.62 caliber rifle with a large capacity magazine, and a 7.62 caliber pistol. See id. ¶¶ 30, 38.

On October 18, 2023, with a plea agreement, Little pleaded guilty to conspiracy to distribute and possess with the intent to distribute a quantity of marijuana (count one), possession with intent to distribute a quantity of marijuana and aiding and abetting (count five), and

possession of a firearm in furtherance of a drug trafficking crime (count six). See [D.E. 193, 194, 195]. On May 6, 2024, the court held Little's sentencing hearing. See [D.E. 249]. The court calculated Little's total offense level to be 19, his criminal history category to be I, and the advisory guideline range on counts one and five to be 30 to 37 months' imprisonment and 60 months' consecutive imprisonment on count six. After considering the relevant section 3553(a) factors, the court sentenced Little to 36 months' imprisonment on counts one and five and 60 months' consecutive imprisonment on count six. See [D.E. 251]. Little did not appeal.

## II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 146 S. Ct. 1320. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268

2

(4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez, 146 S. Ct. at 1307. "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a

3

qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

The court assumes without deciding that Little exhausted administrative remedies. Little argues that marijuana policy is evolving, that marijuana is less dangerous than other illegal drugs, that he did not use violence in committing his crimes, and that he has demonstrated rehabilitation. See [D.E. 298] 1–2. Thus, Little asks the court to reduce his sentence to 60 months' imprisonment. See id. at 3.

Little cites nothing in U.S.S.G. § 1B1.13(b) or any applicable retroactive change to a marijuana guideline or his statutes of conviction. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors concerning a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct

4

analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Little fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. As for alleged evolving marijuana policy, that alleged evolution is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13(b). See Rutherford, 146 S. Ct. at 1330; Fernandez, 146 S. Ct. at 1302–07. Moreover, to the extent Little relies on rehabilitation, Little's rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

Little has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); see Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Little's motion for compassionate release.

Alternatively, even if Little demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Little's motion. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. The court has considered the entire record, the section 3553(a) factors, Little's arguments, and the government's persuasive response. The court also has considered the need to punish Little for his serious criminal behavior, to incapacitate Little, to promote respect for the law, to deter others, and to protect society from Little. Given the entire record, the court denies Little's motion for compassionate release. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at

5

480–81; <u>Washington</u>, 161 F.4th at 820–24; <u>United States v. Smith</u>, 75 F.4th 459, 464–66 (4th Cir. 2023); <u>United States v. Troy</u>, 64 F.4th 177, 185 (4th Cir. 2023); <u>United States v. Reed</u>, 58 F.4th 816, 821–24 (4th Cir. 2023); <u>United States v. Roane</u>, 51 F.4th 541, 551–52 (4th Cir. 2022); <u>Hargrove</u>, 30 F.4th at 198–200; <u>High</u>, 997 F.3d at 187–91; <u>Kibble</u>, 992 F.3d at 331–32; <u>United States v. Ruffin</u>, 978 F.3d 1000, 1008–09 (6th Cir. 2020); <u>United States v. Chambliss</u>, 948 F.3d 691, 693–94 (5th Cir. 2020); <u>United States v. Hill</u>, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), <u>aff'd</u>, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

### III.

In sum, the court DENIES defendant's motions for compassionate release [D.E. 298].

SO ORDERED. This _18_ day of June, 2026.

JAMES C. DEVER III
United States District Judge

6